## MARY E. GOLDING *vs.* INHABITANTS OF NORTH ATTLEBOROUGH.

Bristol.     October 24, 1898. — November 23, 1898.

Present: FIELD, C. J., HOLMES, KNOWLTON, BARKER, & HAMMOND, JJ.

*Compensation for Injuries to Land by Change of Grade in State Highway — Exclusion of other Remedies by Statute Remedy.*

The remedy given by § 3 of St. 1894, c. 497, entitled "An Act relating to State highways," which section provides that compensation to owners of adjoining lands for injuries to such lands is to be paid by the Commonwealth, after being determined in the manner provided in that section, is adequate and complete, and excludes all other remedies.

PETITION, by the owner of land, to recover compensation for injuries thereto by reason of a change of grade in the adjoining highway. The case was submitted to the Superior Court, and, after judgment for the respondent, to this court, on appeal, upon agreed facts, the nature of which appears in the opinion. If the petition could be maintained, the case was to go to the jury for the assessment of damages; otherwise there was to be judgment for the respondent.

*R. P. Coughlin*, for the petitioner.

*W. H. Fox & F. B. Byram*, for the respondent.

HAMMOND, J. The way was laid out as a State highway by the Massachusetts highway commission, and the work for which compensation is sought was done under the direction and control of the commission, acting under the authority of St. 1894, c. 497, entitled, "An Act relating to State highways."

The respondent town, under the authority originally given in St. 1893, c. 476, re-enacted in St. 1894, c. 497, § 4, contracted with the State highway commission to do the work, just as any individual contractor might have done. St. 1894, c. 497, § 3, provides that compensation to owners of adjoining lands for injuries to such lands is to be paid by the Commonwealth, after being determined in the manner provided in that section. This remedy is adequate and complete, and excludes all other remedies.

This is not an action of tort, in which the injured party may sue either the servant who has caused the injury or his master. The work was done under authority of law, and only the statute remedy can be pursued.

*Judgment for the respondent.*